**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

KB OREO, LLC, statutorily converted from
Oreo Corp.,

    Plaintiff,

v.

SANFORD B. WINNERMAN, DAVID J. RITTER, as trustee on behalf of the Sanford Winnerman Qualified Personal Residence Trust dated March 11, 1997, JONATHAN WINNERMAN, and GLEN T. PINDER,

    Defendants.

## COMPLAINT

COMES NOW Plaintiff KB Oreo, LLC, successor by statutory conversion to Oreo Corp. ("Plaintiff" or "KB Oreo"), by and through its attorneys, and complains and alleges as follows:

### THE PARTIES

1. Plaintiff KB Oreo, LLC is a limited liability company with its principal place of business located in Ohio.

2. Defendant Sanford B. Winnerman ("S. Winnerman") is an individual with the last known address of 4746 S. Ocean Boulevard, Apartment 5, Highland Beach, Florida 33487.

3. Defendant David J. Ritter ("D. Ritter"), as trustee on behalf of the Sanford Winnerman Qualified Personal Residence Trust dated March 11, 1997, has a last known administrative address of c/o Brach Eichler, LLC, 101 Eisenhower Parkway, Roseland, New Jersey 07068.

4. Defendant Jonathan P. Winnerman ("J. Winnerman") is an individual with the last known address of 5845 Carlton Way, Apartment 401, Los Angeles, California 90028.

5. Defendant Glen T. Pinder ("G. Pinder") is an individual with the last known address of 321 E. Montgomery Avenue, Wildwood, New Jersey 08260.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff, KB Oreo and the Defendants, S. Winnerman, D. Ritter, J. Winnerman, and G. Pinder, and the amount in controversy exceeds $75,000.00.

7. This Court has personal jurisdiction over S. Winnerman because S. Winnerman resides in Highland Beach, Florida.

8. Venue is proper in this Court because S. Winnerman resides in the Southern District of Florida.

## FACTS

### *Judgment*

9. On March 15, 2010, KeyBank National Association filed an action in the United States District Court for the District of Nevada entitled "KeyBank National Association v. Nielsen, et. al.", with case number 2:10-cv-00352-JAD-VCF.

10. On December 22, 2011, Oreo Corp. filed an Amended Complaint as the successor in interest to KeyBank National Association.

11. On December 5, 2013, the Court entered a judgment in favor of Oreo Corp., as successor in interest to KeyBank National Association, and against the defendants, one of whom

was S. Winnerman, jointly and severally in the amount of $4,587,786.74. A true and correct copy of the original Judgment is attached as Exhibit A.

12. On December 26, 2013, the parties filed a stipulation to amend the judgment, which was granted by the Court. A true and correct copy of the Amended Judgment is attached as Exhibit B. The Amended Judgment rescinded the original Judgment as to two defendants, Kamela Nielson, as executor of The Estate of Frank Nielson, and Lorrie Winnerman, and altered the amount of judgment to $4,417,786.74.

13. On February 18, 2014, the Court entered a Second Amended Judgment amending the judgment amount to include post-foreclosure interest. A true and correct copy of the Second Amended Judgment is attached as Exhibit C.

14. This matter went up on appeal to the Ninth Circuit, and by Memorandum filed March 17, 2016, was affirmed in part and vacated and remanded in part to recalculate the post-judgment interest. A true and correct copy of the March 2016 Memorandum is attached as Exhibit D.

15. After briefs and hearing on the post-judgment interest, the Court entered the Third Amended Judgment on June 23, 2016. A true and correct copy of the Third Amended Judgment is attached as Exhibit E.

*Statutory Conversion of Oreo Corp. to KB Oreo, LLC*

16. On May 31, 2013, Oreo Corp., an Ohio corporation, was statutorily converted to KB Oreo, an Ohio limited liability company, pursuant to ORC 1701.792 and ORC 1705.361. A true and correct copy of the Conversion Records is attached as Exhibit F.

*Enforcement of Judgment – West Orange, New Jersey Property*

17. On March 23, 1997, S. Winnerman and Leslie Winnerman transferred ownership of the property at 17 Terrace Avenue, West Orange, New Jersey 07052 (the "Property") by deed to S. Winnerman for $1.00. A true and correct copy of Tax Assessment #1 proving this transfer is attached as Exhibit G.

18. On the same day of March 23, 1997, S. Winnerman transferred ownership of the Property by deed to Leslie Winnerman, as trustee under the Trust Agreement known as the Sanford Winnerman Qualified Personal Residence Trust dated March 11, 1997 (the "QPRT") for $1.00. A true and correct copy of Tax Assessment #2 proving this transfer is attached as Exhibit H.

19. Upon information and belief, S. Winnerman is a beneficiary of the QPRT.

20. On April 15, 2016, less than a month after the Memorandum of the Ninth Court was filed, D. Ritter, as trustee on behalf of QPRT, transferred ownership of the Property by deed to J. Winnerman for ten dollars ($10.00). A true and correct copy of the April 2016 Deed is attached as Exhibit I.

21. Upon information and belief, the QPRT required the authorization of the trustee(s) and S. Winnerman for the sale of the Property on April 15, 2016.

22. Upon information and belief, S. Winnerman and J. Winnerman are related to each other.

23. Just over two months later, on June 17, 2016, J. Winnerman transferred ownership of the Property by deed to G. Pinder for $385,000.00. A true and correct copy of the June 2016 Deed is attached as Exhibit J.

24. The Property was assessed at $488,700.00 by the West Orange Township Tax Assessor at the time of the June 17, 2016 sale. A true and correct copy of Tax Assessment #3 for the June 2016 transfer is attached as Exhibit K.

### *QPRT as an Alter Ego of S. Winnerman*

25. On information and belief, QPRT is and has been at all relevant times completely controlled, dominated, managed, and operated by S. Winnerman as his alter ego, and for his own personal benefit, such that any individuality and separateness between S. Winnerman and QPRT has ceased, and QPRT is the alter ego of S. Winnerman, because, among other things:

(a) QPRT was and is conceived, intended, and used by S. Winnerman to avoid individual liability;

(b) On information and belief, the operation and activities of the QPRT were and are controlled, dominated, entirely influenced and used as a mere conduit or instrumentality by S. Winnerman, such that S. Winnerman caused QPRT to sell the Property to J. Winnerman before the time period established in the trust agreement that created the QPRT in order to avoid the imminent Third Amended Judgment and subsequent execution against S. Winnerman's property interests; and

(c) On information and belief, the operations, business and activities of QPRT were and are directed, controlled, dominated, entirely influenced and used as mere instrumentalities by S. Winnerman.

26. QPRT is a mere alter ego of S. Winnerman, and it would work a fraud and injustice upon KB Oreo if the separate existence of QPRT and S. Winnerman were recognized.

27. By virtue of the allegations above, QPRT is liable to KB Oreo for the damages, debts and obligations of S. Winnerman. According the QPRT existence as a separate trust should

be ignored, and QPRT should be held directly liable and obligated to KB Oreo, jointly and severally, for all damages, debts and obligations owed to KB Oreo, as alleged herein.

28. Adhering to the fiction of the separate existence of the QPRT distinct from S. Winnerman would sanction a fraud, injustice, and circumvention of the law in that S. Winnerman caused the Property held in trust to be sold for an undervalued amount to his relative, J. Winnerman, all for the purpose of avoiding and preventing attachment and execution by creditors upon his interest in the Property, including KB Oreo.

## COUNT I
## DECLARATORY JUDGMENT – ALTER EGO

29. Plaintiff incorporates by reference Paragraphs 1 through 28 in this Complaint as set forth at length herein.

30. Plaintiff seeks adjudication from this court to the effect that QPRT is the alter ego of S. Winnerman.

31. QPRT has been used by S. Winnerman to defraud, hinder, and delay his creditors.

32. QPRT has acted in conspiracy, in concert, and at the direction of S. Winnerman to sell the Property in order to prevent garnishment of any rental income therefrom, to prevent access to the property value in case of bankruptcy, and otherwise prevent access to the value of S. Winnerman's interest in the Property by KB Oreo.

33. At all relevant times, S. Winnerman completely controlled, dominated, managed, and operated QPRT such that QPRT had and has no separate existence, and is merely a conduit, instrumentality, and/or alter ego of S. Winnerman.

34. Adhering to the fiction of the separate existence of the QPRT distinct from S. Winnerman would sanction a fraud, injustice, and circumvention of the law in that the sale and transfer of the Property to J. Winnerman.

35. A declaratory judgment is necessary and appropriate at this time so that KB Oreo may ascertain its right and duties regarding the relationship between QPRT and S. Winnerman. Absent such a declaration, S. Winnerman will continue to hide behind the fiction that QPRT is a separate existence and not merely a conduit, instrumentality, or alter ego of S. Winnerman, and use QPRT to conceal his assets.

36. QPRT is the alter ego of S. Winnerman, and as such, should be held liable for his debts as though they are one entity.

## COUNT II
### Violation of the New Jersey Uniform Fraudulent Transfer Act

37. Plaintiff incorporates by reference Paragraphs 1 through 28 in this Complaint as set forth at length herein.

38. The sale and deed transfer from QPRT to J. Winnerman on April 15, 2016 constitutes a fraudulent transfer under the New Jersey Uniform Fraudulent Transfer Act (NJUFTA), N.J.S.A. 25:2-20 – 25:2-34.

39. QPRT and S. Winnerman undertook to sell the Property in order to hinder, delay, or defraud S. Winnerman's creditors, including KB Oreo by preventing KB Oreo from accessing the value of S. Winnerman's interest in the Property.

40. QPRT and S. Winnerman sold the Property without receiving a reasonably equivalent exchange, and S. Winnerman believed or reasonably should have believed that he would incur a debt in the form of a multimillion-dollar judgment beyond his ability to pay.

41. The sale of the Property by QPRT and S. Winnerman in April of 2016 was to an "insider" as defined by N.J.S.A. 25:2-22 – specifically to J. Winnerman, a relative of S. Winnerman.

42. The sale of the Property by QPRT was for $10.00 which was not a reasonably equivalent exchange for a property assessed at $488,700.00 in 2016.

43. The sale of the Property by QPRT was made two months before the multimillion-dollar judgment against S. Winnerman was made final by the Third Amended Judgment.

44. The sale of the Property by QPRT constitutes a fraudulent transfer under N.J.S.A. 25:2-25, entitling Plaintiff to the relief enumerated in N.J.S.A. 25:2-29.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

45. Plaintiff incorporates by reference Paragraphs 1 through 28 in this Complaint as set forth at length herein.

46. A contract, and subsequent judgment pursuant to the contract, existed between KB Oreo and S. Winnerman.

47. Upon information and belief, D. Ritter, as trustee of QPRT, S. Winnerman, and J. Winnerman were aware of the Third Amended Judgment.

48. D. Ritter, as trustee of QPRT, caused actual interference in the contract between S. Winnerman and KB Oreo when he allowed S. Winnerman to treat QPRT as his alter ego, and was thereby dominated by S. Winnerman into selling the Property to J. Winnerman for $10.00, thereby further preventing KB Oreo of garnishment of any rental income therefrom, of access to the property value in case of bankruptcy, and otherwise preventing access to the value of S. Winnerman's interest in the Property by KB Oreo.

49. J. Winnerman caused actual interference in the contract between S. Winnerman and KB Oreo when he bought and subsequently sold the property to G. Pinder, thereby preventing KB Oreo of garnishment of any rental income therefrom, of access to the property value in case of

bankruptcy, and otherwise preventing access to the value of S. Winnerman's interest in the Property by KB Oreo.

50. G. Pinder caused actual interference in the contract between S. Winnerman and KB Oreo when he bought the Property from J. Winnerman, thereby further removing the Property from KB Oreo's access for repayment of the debt owed by S. Winnerman to KB Oreo.

51. D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder are not parties to the contract between KB Oreo and S. Winnerman.

52. D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder intended to interfere in the contract and subsequent judgment between KB Oreo and S. Winnerman.

53. D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder had no justification for interfering in the contract, and subsequent judgment, between KB Oreo and S. Winnerman.

54. As a direct and proximate result of the interference of D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder which has prevented KB Oreo access to the value of S. Winnerman's interest in the Property for execution on the Third Amended Judgment, KB Oreo has suffered damages in the amount of the value of S. Winnerman's interest in the Property..

## COUNT IV
## CIVIL CONSPIRACY

55. Plaintiff incorporates by reference Paragraphs 1 through 28 in this Complaint as set forth at length herein.

56. Upon information and belief, S. Winnerman, D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder conspired and agreed to commit the wrongful acts alleged in this Complaint, including the deprivation of KB Oreo's access to S. Winnerman's interest in the value of the Property ("Agreement").

57. KB Oreo was deprived of its access to S. Winnerman's interest in the value of the Property by the fraudulent transfer of the Property by S. Winnerman and QPRT, as alter egos, to J. Winnerman, and the subsequent transfer to G. Pinder.

58. KB Oreo was deprived of its access to S. Winnerman's interest in the value of the Property by the tortious interference by D. Ritter, as trustee of QPRT, J. Winnerman, and G. Pinder in the contract, and subsequent judgment, between KB Oreo and S. Winnerman, when the Property was sold to J. Winnerman and subsequently to G. Pinder.

59. KB Oreo alleges, on information and belief, that Defendants committed the wrongful acts alleged in this Complaint pursuant to, and to further, the conspiracy and the Agreement alleged above.

60. KB Oreo alleges, on information and belief, that Defendants furthered the conspiracy alleged in this Complaint by cooperating with each other, or lent aid and encouragement to each other, or ratified and adopted the acts alleged in this Complaint of each other.  KB Oreo alleges that the parties specifically acted in furtherance of the Agreement as follows:

    (a) D. Ritter, as trustee of QPRT, acted in furtherance of the Agreement by selling the Property to J. Winnerman for only $10.00 in April of 2016;

    (b) J. Winnerman acted in furtherance of the Agreement by purchasing the Property for $10.00 from QPRT and selling the Property to G. Pinder; and

    (c) G. Pinder acted in furtherance of the Agreement by purchasing the Property from J. Winnerman, further removing KB Oreo's access to the value of S. Winnerman's interest in the Property.

61. Each of the Defendants, therefore, is liable for all of the acts, omissions or breaches of the other, all of which were done to further the conspiracy and for the benefit of any or all of the other co-conspirator Defendants.

62. As a result of, and pursuant to, Defendants' conspiracy and Agreement to commit the wrongful acts alleged in this Complaint and Defendants' commission of those wrongful acts, KB Oreo has suffered damages alleged in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KB Oreo, LLC, successor by statutory conversion to Oreo Corp., prays for judgment against Defendants as follows:

63. QPRT and S. Winnerman be declared one entity;

64. Liability directly imposed on QPRT for the debts incurred by S. Winnerman with regards to the Third Amended Judgment;

65. The April 2016 Deed transfer from D. Ritter, as trustee of QPRT, to J. Winnerman and the June 2016 Deed transfer from J. Winnerman to G. Pinder, be set aside, annulled, and declared void, to the extent necessary to satisfy the Third Amended Judgment, plus costs and attorneys' fees, together with interest until paid.

66. The Third Amended Judgment be declared a lien on the Property;

67. The Court issue an order restraining or enjoining Defendants, and each of them, and their representatives, attorneys, agents, or assigns, from selling, transferring, conveying, assigning, or otherwise disposing of any of Property until such time as KB Oreo has satisfied the Third Amended Judgment plus costs and attorneys' fees against S. Winnerman;

68. In the alternative to annulling the transfers, the Court issue a levy on the proceeds of the June 2016 sale of the Property by J. Winnerman to G. Pinder;

69. Plaintiff be awarded costs of suit incurred; and

70. For such other relief to which KB Oreo may be entitled at law or in equity.

Date: June 9, 2020                                             Respectfully submitted,

/s/ *Alexis Turner Garris*
Alexis Turner Garris, Esq.
FL. Bar. No. 1011753
WONG FLEMING
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
Telephone: (609) 951-9520
Fax: (609) 951-0270
Email: aturnergarris@wonfleming.com
*Attorneys for Plaintiff KB Oreo, LLC, statutorily converted from Oreo Corp.*

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served by first class mail on June 9, 2020 on all counsel or parties of record on the Service List below.

>  */s/ Alexis Turner Garris*
>  Alexis Turner Garris

## **Service List**

Sanford Winnerman
4746 S. Ocean Boulevard, Apartment 5
Highland Beach, Florida 33487

David J. Ritter, as trustee of the Sanford Winnerman Qualified Personal Residence Trust
c/o Brach Eichler, LLC
101 Eisenhower Parkway, Roseland, New Jersey 07068

Jonathan Winnerman
5845 Carlton Way, Apartment 401
Los Angeles, California 90028

Glen Pinder
321 E. Montgomery Avenue
Wildwood, New Jersey 08260